UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1331 (CEJ) |
| ) | |
| GREEN TREE SERVICING, LLC and ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Green Tree Servicing, LLC, to dismiss plaintiff's claims, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition and the issues are fully briefed.

Plaintiff Morlyne Young, who proceeds *pro se*, alleges that his application for a commercial loan was denied because of negative information provided by defendant Green Tree Servicing, LLC that was entered in his credit report. Plaintiff requested an investigation by the three credit reporting agencies, Experian, TransUnion, and defendant Equifax Information Services, LLC. While Experian and TransUnion removed the Green Tree entry, Equifax declined to do so. Plaintiff filed suit in state court, asserting claims based on the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, the Gramm-Leech-Bliley Act (GLBA), 15 U.S.C. §§ 6801, *et seq.*, and the Dodd–Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd–Frank), Pub.L. No. 111–203, 124 Stat. 1376 (2010) (codified in various

sections of Titles 7, 12, and 15 of the U.S. Code).[1] Defendant Equifax removed the action to this Court, based on federal question jurisdiction.

## I. The Complaint

According to the complaint and attached documents, in April 2015 plaintiff applied to the St. Louis County Partnership for a commercial loan in the amount of $265,000. The Partnership found a disqualifying entry in plaintiff's credit report based on information from Green Tree and declined to process the loan application. Pl. Ex. 1 [Doc. #4-1 at 1-2]. According to an April 23, 2015, billing statement from Green Tree, plaintiff owed $82,440.67, consisting of $80,126.67 in principal and $2,314.00 for "pre-charge off expenses." The account became delinquent on November 23, 2008, and there were no transactions on the account between October 23, 2014, and April 23, 2015. Pl. Ex. 6 [Doc. #10-2 at 3-4].

On April 28, 2015, plaintiff wrote to Green Tree asking it to remove the information from his credit report. Pl. Ex. 1 at 3. On May 9, 2015, Green Tree reported to plaintiff that it had investigated his account and that an Automated Universal Data form was sent to the credit reporting agencies "to delete the above account from your credit history." Pl. Ex. 9 [Doc. #12-1 at 2]. Plaintiff also contacted defendant Equifax. On June 19, 2015, defendant Equifax reported to plaintiff that it had completed a reinvestigation of the Green Tree entry and determined that the item was correctly reported. Pl. Ex. 7 [Doc. #10-2 at 11-12].

Plaintiff alleges that Green Tree is a debt collector. He further alleges that it improperly reported a debt that fell outside the statute of limitations and included a

---

[1] In response to the motion to dismiss, plaintiff states that he believes the defendant also violated the Missouri Merchandising Practices Act (MMPA), Mo.Rev.Stat. §§ 407.010 *et seq*. There is no mention of the MMPA the complaint, and therefore, plaintiff has not asserted a claim based on the MMPA in this lawsuit.

2

fee that was not provided for in the original contract. He also alleges that defendant Green Tree failed to provide him with legally required notices, and engaged in improper and deceptive business practices. He alleges that defendant Equifax Information Services LLC failed to properly investigate the disputed entry.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In conjunction with his opposition to Green Tree's motion to dismiss, plaintiff has provided copies of his correspondence with defendants and his credit reports. These materials are necessarily embraced by the complaint and so the Court has considered them.

III. Discussion

    A.    Plaintiff's FCRA, GLBA, and Dodd-Frank Claims

Under the FCRA, furnishers of consumer credit information are required to provide accurate information to consumer credit reporting agencies. 15 U.S.C. § 1681s-2(a). However, enforcement of this provision is left to governmental agencies, Seamans v. Temple Univ., 744 F.3d 853, 864 (3d Cir. 2014), and there is no private right of action for a failure to furnish accurate information. McKinzie v. Regions Bank, No. 07-CV-1050, 2008 WL 899254, at *1-2 (W.D. Ark. Mar. 31, 2008) (citing Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002)); 15 U.S.C. § 1681s-2(c) (precluding private suits for failure to comply with that duty); 15 U.S.C. § 1681s-2(d) (enforcement by federal and state officials). Thus, plaintiff's claim that Green Tree furnished inaccurate information to the credit reporting agencies must be dismissed.[2] Similarly, there is no private right

---

[2] Furnishers of information can be liable to a private individual for violating a separate duty to investigate disputes. 15 U.S.C. 1681s-2(b). However, this duty is triggered only by a dispute notification from a credit reporting agency. SimmsParris v. Countrywide Fin. Corp.,

4

of action for violating provisions of the GLBA. Dunmire v. Morgan Stanley DW, Inc., 475 F.3d 956, 960 (8th Cir. 2007) (citing cases); 15 U.S.C. § 6805(a) ("[T]his subchapter and the regulations prescribed thereunder shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission."). Finally, the Dodd-Frank Act authorizes the Consumer Financial Protection Bureau to prevent "unfair, deceptive, or abusive act[s] or practice[s]" in transactions "with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C.A. § 5531(a); § 5536(a)(1)(B) (prohibiting unfair, deceptive, or abusive acts or practices). Private individuals are not authorized to bring civil enforcement actions for violations of the consumer protection financial laws. 12 U.S.C. § 5564(a) (addressing authority to commence litigation). Plaintiff's claims pursuant to the FCRA, GLBA, and Dodd-Frank Act will be dismissed.

### B. FDCPA Claim

To state a claim for a violation of the FDCPA, a plaintiff must plead that he is a consumer and that the defendant is a debt collector within the meaning of the statute; that there was an attempt to collect a debt; and that the defendant violated, by act or omission, a provision of the FDCPA. Mayhall v. Berman & Rabin, P.A., No. 4:13-CV-175-AGF, 2014 WL 340215, at *4 (E.D. Mo. Jan. 30, 2014). Defendant argues that plaintiff has not properly alleged that it is a debt collector within the meaning of the statute.

---

652 F.3d 355, 359 (3d Cir. 2011). Plaintiff alleges that he notified Green Tree of his dispute and does not allege that Green Tree failed to investigate a dispute after receiving notice from the credit reporting agencies.

The FDCPA's definition of "debt collector" excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C.S. § 1692a(6)(F). Here, defendant argues, plaintiff has not alleged that the debt was in default when Green Tree acquired it. Defendant is correct that the required allegation does not appear in the complaint. However, in his response in opposition, plaintiff states that Green Tree informed him that it acquired the debt from HSBC Mortgage Service in 2014. According to the April 2015 statement, the last payment was made in 2009. Thus, it is not beyond plausibility that plaintiff could establish that Green Tree is a debt collector and defendant's motion to dismiss this claim with prejudice will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Green Tree Servicing, LLC, to dismiss [Doc. #5] is **granted** as to plaintiff's claims under the Fair Credit Reporting Act, the Gramm-Leech-Bliley Act, and the Dodd-Frank Act, and those claims are **dismissed with prejudice**. The motion to dismiss is **denied** as to plaintiff's claims under the Fair Debt Collection Practices Act.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2016.