UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15-CV-1331 (CEJ) |
| DITECH FINANCIAL, LLC, formerly known as GREEN TREE SERVICING, LLC, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Green Tree Servicing, LLC, to dismiss plaintiff's claims, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition and the issues are fully briefed.

Plaintiff Morlyne Young, who proceeds *pro se*, alleges that defendant Ditech Financial, LLC, improperly reported negative mortgage information that was entered in his credit reports. Plaintiff filed suit asserting claims based on the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, the Gramm-Leech-Bliley Act, 15 U.S.C. §§ 6801, *et seq.*, and the Dodd–Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd–Frank), Pub.L. No. 111–203, 124 Stat. 1376 (2010) (codified in various sections of Titles 7, 12, and 15 of the U.S. Code). On April 14, 2016, the Court dismissed plaintiff's claims under the Fair Credit Reporting Act, the Gramm-Leech-Bliley Act, and the Dodd-Frank Act, with prejudice, and plaintiff's FDCPA claim without prejudice. [Doc. #15]. On June 8, 2016, plaintiff filed an amended complaint asserting claims under the FDCPA and the Missouri Merchandising Practices Act (MMPA), Mo.Rev.Stat. §§ 407.010 *et seq*.

### I.  Allegations

According to the amended complaint, in April 2015, plaintiff applied to the St. Louis County Partnership for a commercial loan in the amount of $265,000. The Partnership found a disqualifying entry on plaintiff's credit report and declined to process the loan application. When plaintiff reviewed his credit report, he found a derogatory entry from defendant for a debt on a mortgage. According to plaintiff, the debt exceeded the seven-year statute of limitations and included an additional $2,300 fee that was not authorized by the original contract.[1]

### II.  Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in

---

[1] According to a May 23, 2015, billing statement from Green Tree, plaintiff owed $82,440.67, consisting of $80,126.67 in principal and $2,314.00 for "pre-charge off expenses." The account became delinquent on November 23, 2008, and there were no transactions on the account between November 23, 2014, and May 23, 2015. [Doc. #27-5 at 1-2].See also Doc. #10-2 at 3-4 (April 23, 2015 billing statement showing no transactions between October 23, 2014 and April 23, 2015). The billing statement includes the following notice: "This communication is from a debt collector. It is an attempt to collect a debt any information obtained will be used for that purpose."

support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In conjunction with his opposition to Green Tree's motion to dismiss, plaintiff has provided copies of his correspondence with defendants and his credit reports. These materials are necessarily embraced by the complaint and so the Court has considered them.

**III.   Discussion**

    **A.   Plaintiff's MMPA Claim**

Defendant argues that plaintiff's MMPA claim is preempted by a provision of the FCRA, 15 U.S.C. § 1681t(b)(1)(F), which prohibits state regulations on "any subject matter regulated under Section 1681s–2." Section 1681s–2, in turn, regulates the responsibilities of furnishers of information to consumer reporting agencies, including the reporting of negative or inaccurate information. Plaintiff's claims that defendant violated the MMPA by improperly reporting the alleged

3

mortgage debt are thus preempted by the FCRA. Tyson v. Nationstar Mortgage, LLC, No. 4:15CV00763 ERW, 2016 WL 3348400, at *7 (E.D. Mo. June 16, 2016).

In his opposition to dismissal, plaintiff cites Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 473 (M.D. La. 1995), to support his contention that the FCRA does not preempt his MMPA claim. At issue in Sibley was whether the plaintiff could bring FDCPA claims based on a debt collector's failure to comply with state licensing requirements. The defendant argued that the FDCPA preempted state-law licensing requirements. The court disagreed, citing the plain language of 15 U.S.C. § 1692n, which explicitly preserves the power of the states to regulate debt collection practices, so long as the state laws are not inconsistent with the FDCPA. However, the FCRA's preemption provision is more restrictive than that of the FDCPA and it explicitly preempts claims against furnishers of information for reporting inaccurate information. This is the very claim that plaintiff asserts here and the MMPA claim must be dismissed.

### B.   Plaintiff's FDCPA Claims

Plaintiff generally alleges that defendant's debt collection efforts and conduct abused him. Section 1692d prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including using threats or profanity, placing repeated phone calls, or calling without identifying the caller. Plaintiff has not identified any conduct by defendant that can be characterized as harassing, oppressive or abusive and thus has not stated a claim under § 1692d.

Plaintiff alleges that defendant improperly reported his mortgage credit history to the credit bureaus. Such conduct potentially violates § 1692e(8), which

prohibits "communicating . . . credit information which is known or which should be known to be false." However, according to allegations in the complaint, plaintiff did not notify defendant that he disputed the debt until after the derogatory information appeared in his credit reports, and he does not make any factual allegations to support a claim that defendant reported the mortgage debt after learning that it was false or disputed. Accordingly, this claim must be dismissed. See Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008) (noting that plaintiff presented no evidence that reports were made to credit agencies after debt collector learned the debt was disputed).

Plaintiff also alleges that defendant misrepresented itself as a nondebt collector. Section 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." However, the billing statements clearly identify that defendant is a debt collector. Plaintiff does not identify any other communication from defendant in which it misrepresented its status and attempted to collect a debt. This claim will be dismissed.

Plaintiff alleges that defendant tried to collect an improper fee that was not authorized by the original contract. Section 1692e(2)(a) prohibits "the false representation of . . . the . . . amount . . . of any debt," while § 1692f(1) bars the "collection of  . . . any interest, fee, charge, or expense incidental to the principal obligation[] unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Although defendant moves to dismiss all of plaintiffs' FDCPA claims, it does not assert any grounds for dismissing this specific claim in its motion.  Therefore, plaintiff will be allowed to proceed on this claim.

5

Plaintiff alleges that defendant attempted to collect on a debt that had expired or exceeded the Missouri statute of limitations. In the Eighth Circuit, "no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid" without "a threat of litigation or actual litigation. Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001) ("[A] statute of limitations does not eliminate the debt; it merely limits the judicial remedies available."). Plaintiff does not allege that defendant threatened to bring suit or actually sued in order to collect on the debt and this claim must be dismissed.

Plaintiff also alleges that defendant did not timely provide privacy or opt-out notices. The FDCPA does not provide a remedy for these claims and they will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #25] is **granted** with respect to plaintiff's claim under the Missouri Merchandising Practices Act.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is **denied** as to plaintiff's claim that defendant violated the Fair Debt Collection Practices Act (FDCPA) by attempting to collect an improper fee. The defendant's motion to dismiss is **granted** as to all other claims under the FDCPA.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2016.